UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWARD WILLIAMS,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-225-JD-JEM

JOSEPH MAKSYN, et al.,

    Defendants.

OPINION AND ORDER

Edward Williams, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams requested that he be moved on January 15, 2023, because he feared for his safety.[1] Joseph Maksyan (sued as Joseph Maksyn) responded on January 23, 2023, by

---

[1] The request submitted on January 15, 2023, states the following:

> I am requesting to be moved to the north side. I am on about three [d]ifferent medication[s]. And I don't have any separates over there. Please and thank you!

ECF 1-1 at 4.

indicating that he would see what was available. On January 24, 2023, Williams asked Ms. Walker[2] about being moved. ECF 1-1 at 3. He indicated his anxiety levels were high because he was worrying about whether he was safe and paranoid that people were talking about him. He asked to be moved to a block with other inmates with psychological problems.

On January 25, 2023, Williams also told Ms. A. Smith that he was having problems and needed to be moved. Smith told Williams that Corporal Murray said to make his request using the kiosk. Williams then filed two written requests. At this point, he made clear he was requesting protection because he agreed to testify against his cellmate and was concerned that he would find out. ECF 1-1 at 1-2. He identified two individuals who he believed posed a threat to him. After he made the request on the kiosk, he again asked Ms. Smith for help.[3] She responded by wishing him luck.

The following morning, Williams went to get cleaning supplies and found that inmate Chris Miller had the cleaning supplies in his cell. Williams tried to take the supplies from Miller. Miller called Williams a snitch and struck him three times, breaking his nose.

"Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 494 (7th Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a

---

[2] Ms. Walker was not named as a defendant.

[3] It is unclear what details regarding his concerns, if any, Williams shared with Smith.

duty . . . to protect prisoners from violence at the hands of other prisoners.")). A pretrial detainee states a failure to protect claim when he alleges:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 496 (emphasis omitted) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc)). As to the second element, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The third element "requires only that the defendant's conduct be objectively unreasonable." *Kemp*, 27 F.4th at 497. Overall, reasonableness "must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

Here, Williams' initial request did not place Joseph Maksyan on notice that Williams was in danger; he only indicated that he wanted to be moved. The written requests for protection made on January 25, 2023, concerned two inmates who posed a threat to Williams, but he was attacked by a third inmate who he had not identified as a potential threat. While it is possible that granting Williams' request may have had the incidental effect of preventing Miller's attack on Williams, the request was not designed

3

to protect against an attack from Miller. It was not unreasonable to house Williams in the same dorm as Miller, and it cannot be plausibly inferred that an attack by Miller was an obvious consequence of any officer's response to Williams' concerns. Therefore, he may not proceed on a Fourteenth Amendment failure to protect claim.

Williams also makes vague references to the defendants' actions being motivated by retaliation or race, but he has not plead facts from which it can be plausibly inferred that Joseph Maksyan, Corporal Murray, or A. Smith were motivated by retaliatory or racial animus. Therefore, he may not proceed on these claims.

Williams has also named Chris Miller as a defendant. This complaint does not state a federal cause of action. In the absence of a federal claim, it is this court's practice to relinquish jurisdiction over state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)."). Therefore, he will not be granted leave to proceed against Chris Miller.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Williams may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his

4

law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Edward Williams until **October 19, 2023**, to file an amended complaint; and

(2) CAUTIONS Edward Williams if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 20, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5